UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION

CASE NO.: 11-CV-60665-CIV-DIMITROULEAS/SNOW

THE PORTO VENEZIA
CONDOMINIUM ASSOCIATION, INC.

    *Plaintiff*,

vs.

WB FORT LAUDERDALE, LLC,

    *Defendant*.
_____/

WB FORT LAUDERDALE, LLC,

    *Defendant/Third-Party Plaintiff*,

vs.

ALL STATE ENGINEERING & TESTING
CONSULTING, INC.; *et al*,

    *Third-Party Defendants*.
_____/

### AFFIDAVIT OF THOMAS M. DESTAFNEY, M.E.C.E., P.E.

The undersigned affiant, Thomas M. Destafney, M.E.C.E., P.E., being first duly sworn, hereby deposes and says:

    1.    I am over the age of eighteen, suffer no legal disabilities, and am competent to testify as follows based on my personal knowledge and professional training and experience. My Curriculum Vitae is attached.

    2.    I have a bachelor's degree and a master's degree in civil engineering, both from the University of Florida. My undergraduate civil engineering courses included two semesters of soil mechanics with laboratory, foundation design, reinforced concrete design, structural steel

design, timber design. At the graduate level, courses included advanced soil mechanics, groundwater engineering, pavement design, foundation design, and advanced concrete properties. Since graduation, I have obtained over 200 hours of additional training in the form of continuing education in most facets of civil engineering.

3. Throughout my professional career of 33 years in the practice of civil engineering, my professional work history, which is set out in my attached curriculum vitae, has included a focus in the areas of site issues pertaining to soil mechanics, soil behavior, geotechnical engineering and related building structural behavior. While serving in listed positions, I was frequently required to apply knowledge and skills in the areas of soil mechanics, geotechnical engineering, foundation design and damage analysis to buildings.

4. During my 33 years as a civil engineer, I have overseen approximately $350 million of construction, including a complete airport facility that required my direct involvement and oversight of geotechnical issues, including soils analysis and compaction testing and placement of more than 2 million cubic yards of engineered (quality controlled) fill, soil modification and stabilization against high plasticity, slope stability, as well as site drainage and pavement construction. I have also overseen the construction of numerous buildings as a construction manager, where contractors worked under me to construct all phases of the work, including spread (shallow) foundations, driven piles, and auger cast piles and piers.

5. LACK OF CREDENTIALS OF THE ASSOCIATION'S WITNESS MR. FORE. In his two unsigned and undated reports, Frank Fore, P.E., has offered opinions pertaining to the design and construction of the Porto Venezia Condominium building in Fort Lauderdale, Florida. Mr. Fore purports to offer those opinions as an expert. Based on his provided Curriculum Vitae ("CV"), Mr. Fore has a Bachelor's Degree in Mechanical Engineering from the Georgia Institute

of Technology ("Georgia Tech"). Since his graduation from Georgia Tech, believed to be in or about 1985, Mr. Fore was employed for approximately six years by Pratt & Whitney Aerospace where he was involved in investigations, research, design and testing of aircraft engines and the investigation of military jet engine failures.

6. In 1990, Mr. Fore was employed by Total Recall International, where he was involved in 3D computer modeling of collisions and explosions. At Total Recall, Mr. Fore's specialties include aerospace, vehicular and maritime dynamics, failure analysis of mechanical systems, as well as undersea search, salvage and rescue. Mr. Fore also lists on his CV that he is a building contractor who has testified as an expert on building codes. The following paragraphs will provide my opinion that Mr. Fore's education, training and experience do not provide him with the credentials necessary to offer expert opinions to the court in matters pertaining to civil engineering, construction engineering, and geotechnical engineering as they pertain to the matter of *Porto Venezia v. Tierra, Inc., et al.*

7. <u>Education</u>. Mr. Fore's Bachelor's Degree is in Mechanical Engineering from Georgia Tech. From the Georgia Tech web site, the mechanical engineering program includes an "Emphasis in the freshman and sophomore years is on mathematics, chemistry, physics, mechanics of materials, applied mechanics, graphic communications, and an introduction to design. The junior and senior years are devoted to thermodynamics, heat transfer, fluid mechanics, systems dynamics, design, manufacturing, and the application of fundamentals to the diverse problems of mechanical engineering." There is no mention of any civil engineering courses in this curriculum such as soil mechanics, foundation design, building structural design, behavior of concrete, or hydrology. Furthermore, none of the expertise and experience descriptions provided by Mr. Fore provide evidence that he has ever worked in any capacity or

position that would require an application of soil mechanics, geotechnical engineering, foundation design, or building structural design.

9. <u>Training</u>. Mr. Fore's CV lists additional training he has received as continuing education. Again, there are no courses in any civil engineering subjects, including soil mechanics, foundation design, hydrology or geotechnical engineering. Instead, he lists training in automotive accident reconstruction, vehicle dynamics, and biomechanical engineering. There is no training listed that could be applied to the issues on which he has opined regarding the Porto Venezia property.

10. <u>Experience</u>. Mr. Fore's employment history also shows a lack of civil, geotechnical and building structural engineering experience. While he has recorded on his CV that he has construction experience as a general contractor and carpenter, this in no way provides the certification or level of experience that an engineer would require as a practicing engineer involved in site issues pertaining to soil mechanics, soil behavior, geotechnical engineering and related building structural behavior. Mr. Fore's CV shows no experience or expert knowledge related to the issues raised against Tierra concerning the Porto Venezia property.

11. The two reports authored by Mr. Fore include numerous opinions that pertain to soil mechanics, soil properties and behavior, geotechnical engineering, foundation design, hydrology, concrete behavior, and building structural engineering, subjects outside his mechanical engineering discipline, including:

- The suitability of soil strengths and types to adequately and safely support the Porto Venezia building against excessive settlement.

- That expansive soil has contributed to an alleged excessive settlement of the Porto Venezia building, despite the fact that only sands (non-plastic and non-

      expansive) have been shown to exist through numerous borings beneath the building footprint.

- That the moisture content and compaction of the Porto Venezia supporting soils were improper and contributed to the alleged settlement of the building, despite test results to the contrary.

- That excessive settlement of the Porto Venezia building has occurred, despite the absence of any testing or measurements that confirm this opinion.

- Interpreting cracking that has occurred in the independently supported garage slab to be evidence of building settlement.

- Devising and recommending repair methods and associated costs to arrest any further alleged settlement of the Porto Venezia building.

      12.    It is clear that Mr. Fore has proffered opinions on an array of technical subjects pertaining to an engineering discipline, civil engineering, including soil mechanics, civil engineering and building structural engineering, in which he has no apparent education, training or experience. The determination of the issue of the alleged settlement of a structure such as the Porto Venezia building requires the education, training and experience of an engineer licensed in the discipline of civil engineering, who has a specialty in the area of geotechnical engineering, which Mr. Fore lacks. Mr. Fore's lack of education, training and experience in matters pertaining to civil engineering, geotechnical engineering, and building structural engineering, and the cause and effect of any settlement of a building like Porto Venezia, are made apparent by numerous opinions that he has issued in this case, including his opinion that expansive soils have contributed to the alleged Porto Venezia building settlement, as well as his misinterpretation that cracks in the independent garage ground slab are evidence of building foundation settlement.

Based on Mr. Fore's CV, he lacks the education, training and experience to offer opinions related to the settlement of a structure and whether the underlying supporting soils contributed to any settlement.

13. <u>NO BREACH IN THE STANDARD OF CARE OF A GEOTECHNICAL ENGINEER</u>

Tierra's actions and contributions to the Porto Venezia project were appropriate and met the standard of care for a Geotechnical Engineering firm tasked with evaluating site soils intended to support a foundation loading. The 4,000 psf foundation soil bearing capacity calculated by Tierra and provided at DDA's request, and on which the Porto Venezia's structural design is based, and as confirmed by my firm CED's own engineering calculations, was reasonable and accurate. The site beneath the building footprint had been thoroughly de-mucked and was adequate to resist a 4,000 psf pressure applied to it at the footings, as verified by Tierra's borings taken in August and September, 2004, and by other subsequent borings taken by All State and Tierra of South Florida.

14. Additionally, owner High Point Group failed to comply with the City of Fort Lauderdale approved Structural Threshold Inspection Plan, when it failed to retain and assign a competent Geotechnical Consultant to inspect and verify that the proper preparation of foundation supporting soils had been completed by High Point. No Geotechnical Consultant, including Tierra, Inc., had been retained to oversee the geotechnical aspects of the project. Despite this, there is no evidence that the Porto Venezia building has settled excessively as a result of the 4,000 psf bearing capacity requested by DDA, or due to any weakness in the supporting soils beneath the building footprint. There is no evidence that the building has settled

even as much as one inch, which is the generally accepted amount of settlement expected to occur with buildings of this sort.

15.   Furthermore, Plaintiff's expert has misinterpreted the limited cracking that exists on the Porto Venezia building. Because the garage level slab on grade acts independently from the building foundation and footings, the cracking of the slab is not an indication of any deficiency in the foundation or the soils supporting it. The hairline cracks observed in three locations on the exterior wall in the garage level are routine, common hairline variety cracks commonly existent in CMU masonry wall systems. The crack monitors installed at these three locations have shown a lack of continued movement.

FURTHER AFFIDANT SAYETH NAUGHT.

By: _____
Thomas M. Destafney, P.E.

STATE OF FLORIDA )
: ss
COUNTY OF )

THIS DAY personally appeared before me, the undersigned authority duly authorized to administer oaths and take acknowledgments, Thomas M. Destafney, P.E., upon first being duly cautioned and sworn, acknowledged to and before me that he executed the foregoing, and that the same are true and correct to the best of his knowledge, information and belief.

SUBSCRIBED and SWORN TO before me at __Duval__, said County and State, this _14_ day of __August__, 2012.

_____
NOTARY PUBLIC, State of Florida
Print Name: __Jeanne Riggen__

My Commission Expires: __1-12-16__

JEANNE RIGGEN
Notary Public, State of Florida
My Comm. Expires Jan. 12, 2016
Commission No. EE 159628

_X_ Personally Known, or
___ Produced _____, as identification